Reid, et al. v. Dunklin.

REID, ET AL. V. DUNKLIN.

1. A judgment rendered for a larger sum than is found due by the jury, on a special verdict, cannot be supported.
2. Upon a failure to return an execution, the sheriff becomes liable for the amount of the judgment.

ERROR to the Circuit Court of Montgomery.

CAMPBELL, for the plaintiff in error.
MAYS, *contra.*

ORMOND, J.—The principal question in the cause, whether the sheriff is liable for the amount of the judgment upon a failure to return an execution, has been decided against the plaintiff in error, in the case of Crawford v. Chandler, at the present term, and in many previous cases. We are reluctantly compelled, from a sense of duty, to tread in the path of our predecessors, until the Legislature shall think proper to apply the necessary corrective.

The remaining assignments of error, present the question whether the execution described in the special verdict corresponds with the one on which the notice is made. It is well settled that a special verdict cannot be aided by intendment; there must therefore, if not a literal, be at least a substantial correspondence between the facts found by the verdict, and those on which the motion is predicated.

The first variance between them is, that in the motion, the execution is stated to have issued on the 15th of April, and in the verdict, is found to have issued on the 30th April. We think,

however, that as the time of the issuance of the execution was immaterial, the variance may be disregarded; but in describing the amount for which the execution issued, it is found by the jury, to be six hundred and sixty-six dollars, whilst in the motion it is stated to be six hundred and sixty-six dollars *ninety cents.* Again the jury find that the amount due on the execution is six hundred and sixty-six dollars and ninety cents, besides the costs, and a judgment is rendered for the amount, with interest from the 2d March, 1840.

If the variance between the amount of the judgment, as set out in the motion, and that found by the verdict, could be surmounted, it would be impossible to support a judgment rendered for a larger amount than is found to be due by the jury. It is not aided, as supposed by the counsel, by the maxim, that that is certain which may be rendered certain, if indeed the maxim applied to such a case as this, because the finding of the jury is not of the amount for which the execution issued; that had been previously found by them, but it was *of the amount due* on the execution; and the judgment being for a larger sum than thus found due, cannot be supported.

The judgment must therefore be reversed, and the cause remanded.